# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| ROGER D. FEARS, Register No. 510295, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4064-CV-C-SOW |
| | ) | |
| HARLAN HARTSFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Roger D. Fears, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On January 27, 2006, defendant Hartsfield filed a motion for summary judgment on plaintiff's claims that defendant forced plaintiff to work beyond his physical capabilities. Plaintiff filed a response, and defendant filed a subsequent reply.

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Discussion

The Supreme Court has acknowledged that conditions of a prisoner's confinement can give rise to Eighth Amendment violations. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). A prisoner's work assignment is a condition of confinement subject to scrutiny under the Eighth Amendment. Id. (citing Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir. 1991)). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "Second, a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995). Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In the work assignment context, prison officials are deliberately indifferent when they knowingly compel a prisoner to perform physical labor which is beyond his strength, or which constitutes a danger to his health, or is unduly painful. Choate, 7 F.3d at 1374. Deliberate indifference requires a highly culpable state of mind approaching actual intent. Id.

In the instant case, plaintiff states that while working in the kitchen at Algoa Correctional Center, defendant Hartsfield, a Cook III, told him to go down to the kitchen basement and get the meat for that afternoon's lunch. Plaintiff states he advised Hartsfield he needed some help because the 30 to 35-gallon barrel of meat was almost full. Plaintiff states Hartsfield responded

2

there was noone else around, so plaintiff was "elected to go down and do it." (Doc. 41, Defendant Hartsfield's Motion for Summary Judgment, Exh. A., Deposition of Fears, at 12, lines 17-22.) Plaintiff states he went down the stairs to the basement, and hollered up to Hartsfield that "this is too much for me to carry." Id. at lines 23-24. Plaintiff states Hartsfield's response was "[w]ell, get it up here or are you disobeying a direct order"? Id. at line 25. Plaintiff states that defendant Hartsfield stated, "we ain't got much time we got to get it up here and get it on for lunch." Id. at 43, lines 13-14. Plaintiff states he said OK and began to pull the barrel, weighing approximately 350-400 pounds, up the stairs, which consisted of 26 to 28 steps.[1] Id. at 18, line 21.; 21, line 4. Plaintiff states that while sliding the barrel up the steps, he started to lose it, and the barrel began to slip and pull him down the steps. Plaintiff states he was holding the handle of the barrel with one hand and sliding his other hand down the rail. Plaintiff states he regained control of the barrel and then finished pulling the barrel up the stairs. Plaintiff states that after arriving at the top of the steps, he was unable to stand properly, and that his back hurt. Plaintiff states that after two weeks of walking funny and pain, he requested to see a doctor. Plaintiff states that although the doctor stated plaintiff had this back problem since birth, plaintiff states this is incorrect because he never had a back problem prior to the incident.

Defendant states there is no dispute of material fact, and that his actions fail to rise to the level of deliberate indifference, in violation of the Eighth Amendment. Defendant specifically cites to the undisputed facts that policy provided for inmates to break down the contents of the large meat barrels, allowing them to carry smaller loads up the stairs; and that plaintiff himself admits to being a strong man who could easily have carried 200 pounds up the staircase.

Upon review, the court finds that in taking plaintiff's allegations as true that Hartsfield ordered plaintiff to bring the meat up from the kitchen basement, by himself, or face disciplinary action, such actions fail to amount to deliberate indifference, under the undisputed facts of this case.

---

[1] The court notes that plaintiff's response to defendant's motion for summary judgment states he was estimating the weight of the barrel, which is why his deposition testimony, citing the barrel as weighing 350 to 400 pounds, is not entirely consistent with his complaint, citing the barrel to weigh about 250 pounds, and his grievance relating to this matter, where he cites the barrel as weighing some 200 pounds.

3

Plaintiff acknowledges he is a strong man, but states that carrying the barrel of meat in its entirety was beyond his physical capabilities, and resulted in his back injury. With this in mind, a review of the evidence fails to provide that Hartsfield ordered plaintiff to carry the barrel of meat, in its entirety, up the stairs, in one trip. Rather, the evidence is that Hartsfield did not dictate the manner in which plaintiff was to carry the meat up the stairs; rather, only that he get the meat upstairs to the kitchen for lunch. The affidavit of Hartsfield provides that it was procedure for prisoners to break down the food items into manageable pieces to be carried up the kitchen stairs.

> The meat that was used in the kitchen would be kept in the basement in a plastic barrel or scrap pans in order to thaw out. Inside the barrel or scrap pans were meat items wrapped in sealed plastic bags, each weighing about 10 pounds per bag. The meat items would then be distributed onto additional scrap pans by the offenders in order to carry the items up the stairs. In order to do this, offenders would typically place up to 40 to 60 pounds of meat on the scrap trays and then each scrap pan wold be carried up the stairs by two or more offenders.

(Doc. 42, Defendant Hartsfield's Motion for Summary Judgment, Exh. B., Affidavit of Harlen Hartsfield, ¶¶ 7-9.) There is no evidence to suggest that plaintiff was incapable of breaking down the meat in the barrel into smaller loads by himself, or that it was beyond his strength to carry such loads up the stairs. In his deposition, plaintiff stated he could pull up to 200 pounds pretty easy at the time, and could bench press 290 pounds.

## Conclusion

Although there is a dispute of facts in this case, such facts are not material to plaintiff's claims alleging he was forced to work beyond his capabilities in violation of the Eighth Amendment. The undisputed material evidence provides that defendant Hartsfield did not knowingly compel plaintiff to perform physical labor which was beyond his strength, constituted a danger, or was physically painful. The manner in which plaintiff carried the meat up the stairs was not dictated by defendant Hartsfield and, in fact, plaintiff's actions of carrying the meat barrel in its entirety was contrary to policy. Plaintiff could have made several trips up and down the steps to comply with the direct orders of defendant Hartsfield. The fact that he chose to slide the barrel of meat in its entirety up the stairs was a choice made by plaintiff, and does not provide that Hartsfield's work orders constituted deliberate indifference.

4

In viewing the evidence in the light most favorable to plaintiff, and upon consideration of the undisputed material facts in this case, no reasonable jury could find on behalf of plaintiff.

Plaintiff also filed a motion to compel, citing defendant's failure to provide him with a full copy of the transcript of his deposition. Defendant responded to the motion, citing to the fact that plaintiff has access to the full transcript and could contact the court reporter to pay for his copy, as defendant was required to do. Upon consideration, plaintiff's motion to compel is denied. Plaintiff has access to the transcript of his own deposition, and may request a copy from the court reporter, at his own cost.

IT IS, THEREFORE, ORDERED that plaintiff's motion to compel is denied [43]. It is further

RECOMMENDED that defendant Hartsfield's summary judgement be granted, and plaintiff's claims be dismissed [41].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 20th day of April, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge